UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA RON, an individual,<br>Plaintiff,<br>v.<br>COUNTY OF YUBA; BRIAN CLEGG, an individual; and ROBERT DAVIS, an individual; et al.,<br>Defendants. | No. 2:25-cv-02601-TLN-JDP<br>**ORDER** |

This matter is before the Court on Defendants County of Yuba ("the County"), Brian Clegg ("Clegg"), and Robert Davis's ("Davis") (collectively, "Defendants") Motion to Dismiss. (ECF No. 6.) Plaintiff Sylvia Ron ("Plaintiff") filed an opposition. (ECF No. 7.) Defendants filed a reply. (ECF No. 9.) For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.

///

///

///

///

## I. Factual and Procedural Background[1]

The instant action arises out of an altercation between Plaintiff, Clegg, and Davis during Plaintiff's arrest. (*See* ECF No. 1 at 4.) Plaintiff alleges that on July 20, 2024, she was at a Hard Rock Casino in Wheatland, California, attempting to report a crime to Clegg and Davis, both of whom are deputies with the Yuba County Sheriff's Department. (*Id.*) According to Plaintiff, instead of taking her report, Clegg and Davis used excessive force against her, slammed her body onto concrete, and caused "injuries to her arms, shoulder, spine, skull, and brain." (*Id.* at 4–5.) She suffered a brain injury and bulging spine discs, which required medical treatment. (*Id.* at 5.) Plaintiff submitted a claim to the County under the California Government Claims Act. (*Id.*) The County's third-party claims administrator subsequently rejected the claim, stating that "Yuba County Sheriff's Officers followed departmental procedures." (*Id.*)

On September 10, 2025, Plaintiff filed the operative Complaint, which alleges the following claims: (1) excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983 against Clegg and Davis; (2) a *Monell* claim in violation of 42 U.S.C. § 1983 against the County; (3) battery by a peace officer against all Defendants; (4) violation of California Civil Code § 52.1 (the "Bane Act") against all Defendants; (5) intentional infliction of emotional distress against all Defendants; and (6) negligence against all Defendants. (*See* ECF No. 1.) On December 4, 2025, Defendants filed the instant motion to dismiss Claim Two. (ECF No. 6.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation

[1] The instant factual background is taken from Plaintiff's Complaint. (*See* ECF No. 1.)

modified). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility

inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

## III. ANALYSIS

A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). However, "municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

In Claim Two, Plaintiff alleges Defendants are liable under *Monell* on all these theories. (*See* ECF No. 1 at 3, 6–7.) Defendants move to dismiss Claim Two, contending that Plaintiff fails to allege sufficient facts to support any of these theories. (*See* ECF No. 6-1.) The Court will address each theory in turn.

///

///

A. Official Policy

Defendants argue Plaintiff cites no specific County policies she claims are unconstitutional, and the claim-rejection letter is insufficient to show the existence of an official policy adopted by the County. (ECF No. 6-1 at 4–5.) In opposition, Plaintiff asserts she may plead a *Monell* claim by alleging a practice so widespread it constitutes a custom or usage, which she does by alleging multiple deputies used excessive force and prior incidents occurred. (ECF No. 7 at 4.) In reply, Defendants argue Plaintiff provides no examples of prior incidents of excessive force. (ECF No. 9 at 2.)

To establish the existence of an official policy, a plaintiff must show "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762–63 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 690–91) (internal quotation marks omitted). "[C]onclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

The Court agrees with Defendants that the Complaint identifies no official policy of the County. Plaintiff instead invites the Court to infer a policy from two allegations: "that multiple deputies participated in the excessive force" and that the County's claims administrator rejection letter stated the deputies "followed departmental procedures." (ECF No. 1 at 7.) Neither supports the inference. Plaintiff's bare allegation of two deputies at her arrest, without more, fails to identify any policy statement, ordinance, or regulation adopted by the County. The same applies to her allegation regarding the claim rejection letter. A post hoc statement that officers complied with unspecified "departmental procedures" describes the content of no policy, much less one authorizing excessive force. Plaintiff's conclusory assertions that a policy exists, unaccompanied by facts identifying the policy beyond the events that occurred between Plaintiff and Defendants, are insufficient. *See Knighten v. City of Anderson*, No. 2:15-cv-01751-TLN-

CMK, 2016 WL 1268114, at *6 (E.D. Cal. Mar. 31, 2016) (granting motion to dismiss *Monell* claim based on custom or policy because plaintiff failed to "provide any factual basis for the existence of such a policy beyond the events that occurred between [p]laintiff and [defendant]")

The Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Thus, Defendants' motion to dismiss the *Monell* claim premised on an official policy is GRANTED with leave to amend.

B. <u>Pervasive Practice</u>

Defendants argue Plaintiff relies on a single incident, offers no facts describing any prior incident, and cannot establish a practice through isolated events. (ECF No. 6-1 at 6.) In opposition, Plaintiff does not separately address the pervasive practice theory and asserts the same grounds offered in support of an official policy. (ECF No. 7 at 4.) In reply, Defendants argue Plaintiff's reference to prior incidents is speculative and conclusory, and the claims administrator's after-the-fact denial does not demonstrate the County routinely encourages or condones excessive force in other cases. (ECF No. 9 at 3.)

Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). "[P]ersistent and widespread discriminatory practices of state officials . . . could well be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 690 (citation modified). "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Plaintiff's argument rests on the single incident underlying this action and on a conclusory reference to unspecified "prior incidents." (ECF No. 1 at 7.) The alleged assault at the casino is one occurrence, and "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (citation modified). Although it is rare that "a plaintiff will have access to (or personal

knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery," Plaintiff still has the burden to allege the custom amounts to a pattern of constitutional violations. *Creer v. Vallejo*, No. 2:14-cv-1428 JAM DAD PS, 2015 WL 3795027, *5 (E.D. Cal. June 17, 2015) (citing *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 842–43 (S.D. Tex. 2011)). However, Plaintiff's sole allegation of "prior incidents of excessive force by Yuba County deputies," pleaded on "information and belief" (ECF No. 1 at 7), supplies no dates, no parties, no description of the conduct, and no disposition from which the Court could infer a pervasive practice. *Cf. Adams v. City of Redding*, No. 2:20-cv-01610-TLN-DMC, 2022 WL 16964025, at *4 (E.D. Cal. Nov. 16, 2022) (longstanding practice of using excessive force adequately alleged where the plaintiff identified six specific prior lawsuits spanning six years). Consequently, Plaintiff does not allege any other instance, besides the one asserted in the Complaint, that would support the claim the County has a pervasive practice or custom of using excessive force.

The Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Thus, Defendants' motion to dismiss the *Monell* claim premised on a pervasive practice is GRANTED with leave to amend.

C. Failure to Train, Supervise, or Discipline

Defendants argue Plaintiff identifies no specific deficiency in training, supervision, or discipline, alleges no pattern of similar violations, and pleads deliberate indifference only as a conclusion. (ECF No. 6-1 at 7–8.) In opposition, Plaintiff asserts the County failed to train, supervise, and discipline its deputies regarding the use of force, and "this failure was a moving force behind her injuries." (ECF No. 7 at 5.) Relying on *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), Plaintiff further asserts that the Ninth Circuit has rejected any heightened pleading standard for failure-to-train claims and that she therefore need not "identify the precise training deficiencies or produce evidence of training curricula" at the pleading stage. (*Id.*) In reply, Defendants argue that, although a plaintiff is not expected to know a municipality's internal training policies before discovery, *Starr* and its progeny still require Plaintiff to plead some facts giving rise to a plausible inference of a training or supervisory problem, but Plaintiff identifies no

prior incident or pattern. (ECF No. 9 at 4.)

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "[A] municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation." *Id.* at 389 (citation modified). The plaintiff must identify a deficiency "closely related to the ultimate injury." *Id.* at 391. Additionally, a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216; *see also AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* and holding to survive a motion to dismiss, a plaintiff must do more than allege a *Monell* defendant "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint). In rare instances, however, a plaintiff may rely on "single-incident" liability, which is when "unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick v. Thompson*, 563 U.S. 51, 64 (2011).

Even under *Starr*, Plaintiff's allegations lack sufficient factual detail to survive a motion to dismiss. Plaintiff alleges the County's failure "to properly train, supervise, and discipline deputies regarding the use of force, which amounts to deliberate indifference to citizens' constitutional rights." (*See* ECF No. 1 at 7.) Plaintiff simply recites the elements of the claim — a failure to train, supervise, and discipline, deliberate indifference, and causation — but fails to provide any "underlying facts" to support these allegations. *Starr*, 652 F.3d at 1216. Plaintiff does not allege prior incidents of excessive force involving Clegg, Davis, or other County employees, nor does she identify specific County policies or customs that caused the alleged harm. (*See* ECF No. 1.) Plaintiff identifies no particular training practice, does not explain how any practice was deficient, and does not connect any deficiency to the force used against her. (*See* ECF No. 1.) Plaintiff also does not allege a single incident was "so patently obvious" the

County could be liable "without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64. Consequently, the Court concurs with Defendants' assertion that Plaintiff's allegations are merely a formulaic recitation of claim elements. (ECF No. 6-1 at 8.) Plaintiff's Complaint thus fails to state a sufficient basis for *Monell* claims for failure to train, supervise, or discipline.

The Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Thus, Defendants' motion to dismiss the *Monell* claim premised on a failure to train, supervise, or discipline is GRANTED with leave to amend.

D. <u>Ratification</u>

Defendants argue Plaintiff identifies no final policymaker who knew of and approved a constitutional violation. (ECF No. 6-1 at 9.) In opposition, Plaintiff asserts the County ratified the deputies' conduct because its claims administrator rejected her claim on the ground that the deputies "followed departmental procedures." (ECF No. 7 at 6.) Additionally, Plaintiff cites *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), for the proposition that a municipality may incur liability through ratification when it approves an officer's conduct after receiving notice of alleged constitutional violations. (ECF No. 7 at 6.) In reply, Defendants argue a denial of wrongdoing is not an approval of wrongdoing and *Larez* is distinguishable. (ECF No. 9 at 6–7.)

Under a ratification theory, a municipality may be liable if a policymaker, i.e., an official with final policy-making authority, ratified the unconstitutional conduct of a subordinate and the basis for it. *Gillette*, 979 F.2d at 1346–48. "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Ratification does not exist unless a policymaker engages in a "conscious, affirmative choice" to endorse a subordinate's conduct. *Gillette*, 979 F.2d at 1347; *see, e.g.*, *Wells v. Cnty. of Stanislaus*, No. 1:20-cv-00770-TLN-BAM, 2022 WL 4237538, at *7 (E.D. Cal. Sept. 13, 2022) (concluding plaintiff successfully alleged ratification based on the Chief of Police's knowledge of repeated unlawful arrests and approval of an arrest warrant despite misleading statements and the existence of more plausible suspects).

In the Complaint, Plaintiff alleges the claims administrator's statement that the deputies "followed departmental procedures" suggests the County authorized the use of excessive force. (ECF No. 1 at 7). Other than these conclusory allegations, Plaintiff does not cite — nor can the Court locate — any factual allegations in the Complaint establishing an official with final policy-making authority engaged in a "conscious, affirmative choice" to endorse the deputies' conduct. *Gillette*, 979 F.2d at 1347. Although Plaintiff is correct that a knowing ratification may be the basis for liability, she fails to allege sufficient facts to support her liability claim. Neither the allegations set forth in the Complaint, nor the rejection letter from the claims administrator provide facts that would support an inference that the County endorsed the alleged conduct or even had knowledge that the conduct in fact occurred. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). In *Larez*, there was evidence that the Chief of Police knew of the misconduct and regarded such conduct as acceptable. *Larez*, 946 F.2d at 635–36. In contrast, Plaintiff does not allege facts that would allow such an inference. Because Plaintiff's allegations about ratification are conclusory, the Court concludes Plaintiff fails to allege a ratification theory.

The Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Thus, Defendants' motion to dismiss the Monell claim premised on ratification is GRANTED with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Claim Two with leave to amend. Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants' responsive pleading is due twenty-one (21) days after the electronic filing date of Plaintiff's amended complaint.

//

//

//

//

IT IS SO ORDERED.

DATE: September 18, 2026

Troy L. Nunley
Chief United States District Judge